**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2012

No. 12-70023

Lyle W. Cayce
Clerk

JOHN LEZELL BALENTINE,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
(2:03-CV-39)

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that John Lezell Balentine's motion for a stay of execution is DENIED. We also determine that the district court properly denied the Rule 60(b) motion. AFFIRMED.

This appeal raises issues presented by a Supreme Court decision handed down on March 20, 2012. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The Court recognized a new basis to excuse a state prisoner who has brought federal habeas claims from being held procedurally barred for failing

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to present those claims first in state court:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.

The Court at some length explained how its decision fit within the preexisting caselaw interpreting the Sixth Amendment's right to counsel. It explained that an earlier ruling, *Coleman v. Thompson*, 501 U.S. 722 (1991), had not resolved "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 1315. The *Martinez* Court stated that it may be that the "initial-review collateral proceeding [is] a prisoner's 'one and only appeal' as to an ineffective-assistance claim, and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings." *Id.* (quoting *Coleman*, 501 U.S. at 755-56). The Court determined that *Martinez* was "not the case, however, to resolve whether that exception exists as a constitutional matter." *Id.*

The Court held that the "rule of *Coleman* governs in all but the limited circumstances recognized here," which the Court elaborated on in this way:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

In addition, the limited nature of the qualification to *Coleman* adopted here reflects the importance of the right to the effective assistance of trial counsel and Arizona's decision to bar defendants from raising ineffective-assistance claims on direct appeal. Our holding here addresses only the constitutional claims presented in this case, where the State barred the defendant from raising the claims on direct appeal.

*Id.* at 1320 (citations omitted).

The Supreme Court granted a writ certiorari in *Martinez* on June 6, 2011, which Balentine's brief filed today states was nine days before his scheduled execution. The Court granted the writ on this issue: "Whether a defendant in a state criminal case who is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional right to effective assistance of first post-conviction counsel specifically with respect to his ineffective-assistance-of-trial-counsel claim." *Id.* at 1326.

On June 13, 2011, Balentine filed with the Texas Court of Criminal Appeals a motion for stay of execution until the ruling in *Martinez*. The state court denied the motion the next day. *Ex parte Balentine*, No. WR-54,071-03 (Tex. Crim. App. June 14, 2011). The Supreme Court granted a stay pending further consideration one hour, according to Balentine's brief, prior to his scheduled execution. *Balentine v. Texas*, 131 S. Ct. 3017 (June 15, 2011).

The decision ultimately handed down in *Martinez* did not recognize a constitutional right to effective assistance of habeas counsel in state court, which was the issue pressed by Balentine. Balentine's petition for a writ of certiorari was denied and the order staying execution ended. *Balentine v. Texas*, 132 S. Ct. 1791 (Mar. 26, 2012).

We now look further back in the Balentine proceedings to explain what has previously occurred on the claim he now presents. Beginning with his first application under 28 U.S.C. § 2254 in December 2003, Balentine has argued that his appointed counsel at trial failed to investigate and develop "mitigation and risk assessment evidence at all." *Balentine v. Thaler*, 626 F.3d 842, 848 (5th Cir. 2010). A failure to make either a reasonable investigation or a reasonable decision that investigation was unnecessary has been held to be ineffective assistance of counsel. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). We held, though, that Balentine failed to present that claim in his initial state habeas application, and he had also not secured a ruling on the merits of the *Wiggins* claim in a later application in state court. *Balentine*, 626 F.3d at 848, 849-56. Consequently, the claim was procedurally barred. *Id.* at 857.

In light of *Martinez*, on July 12, 2012, Balentine filed a Rule 60(b)(6) motion in the district court seeking to vacate that court's final judgment of March 31, 2008. That 2008 decision, which we affirmed, is the one that denied him relief on the *Wiggins* claims because they were procedurally barred. He again seeks to present his claim of ineffective assistance of trial counsel for failing to make an adequate investigation for mitigating evidence at the punishment phase of his trial, in accordance with *Wiggins*.

The district court, in its order denying the claim, summarized the relevant procedural history:

> Balentine's counsel in the original state habeas review of his conviction and death sentence failed to exhaust this claim, and this Court has found that it was procedurally barred by the Texas abuse-of-the-writ doctrine from a review on the merits in federal court. These determinations have been upheld by the United States Court of Appeals for the Fifth Circuit. Balentine

4

seeks to set aside those prior determinations by asserting the equitable exception created by the Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

Balentine's claim immediately encounters a post-*Martinez* decision by this court that is controlling precedent for whether Texas state procedures for considering ineffective-assistance-of-counsel claims were the kind that *Martinez* required before a failure to exhaust could potentially be excused. *Ibarra v. Thaler*, No. 11-70031, --- F.3d ----, 2012 WL 2620520, at \*4 (5th Cir. June 28, 2012); *see also Ibarra v. Thaler*, No. 11-70031 at Slip Op. 12 n.1 (5th Cir. Aug. 17, 2012).

Because Texas does not prohibit the bringing of ineffective-assistance claims on direct appeal from a conviction as did the Arizona procedure discussed in *Martinez*, we held in *Ibarra* that *Martinez* did not create an equitable exception for relief from convictions in Texas state courts:

> The [Texas Court of Criminal Appeals ("TCCA")] made clear that a state habeas petition is the preferred vehicle for developing ineffectiveness claims. *Robinson v. State*, 16 S.W.3d 808, 809-10 (Tex. Crim. App. 2000). Yet Texas defendants may first raise ineffectiveness claims before the trial court following conviction via a motion for new trial, when practicable, and the trial court abuses its discretion by failing to hold a hearing on an ineffectiveness claim predicated on matters not determinable from the record. *Holden v. State*, 201 S.W.3d 761, 762-63 (Tex. Crim. App. 2006). A prisoner who develops such a record through a new trial motion can of course pursue the denial of an ineffectiveness claim through direct appeal, but the TCCA has indicated that a new trial motion is neither a sufficient nor necessary condition to secure review of an ineffectiveness claim on direct appeal. Indeed, an ineffectiveness claim may simply be raised on direct appeal without the benefit of a motion for new trial. *Robinson*, 16 S.W.3d at 813. As a result, both Texas intermediate courts and the TCCA sometimes reach the merits of ineffectiveness claims on direct appeal. *Thompson v. State*, 9

> S.W.3d 808, 813-14 (Tex. Crim. App. 1999). Where they do not, Texas habeas procedures remain open to convicted defendants. *Ex parte Nailor*, 149 S.W.3d 125, 129, 131 (Tex. Crim. App. 2004). In short, Texas procedures do not mandate that ineffectiveness claims be heard in the first instance in habeas proceedings, and they do not by law deprive Texas defendants of counsel-and court-driven guidance in pursuing ineffectiveness claims.

*Ibarra*, 2012 WL 2620520, at \*4.

The district court denied relief to Balentine in reliance on *Ibarra.* The court nonetheless granted a certificate of appealability because it found that reasonable jurists could debate its determination "regarding the application of the *Martinez* exception to Texas cases under the specific facts of this case." Balentine has brought a Rule 60(b) motion to set aside a prior judgment based upon exhaustion. Generally this circuit requires a certificate of appealability under 28 U.S.C. § 2253 for this type of Rule 60(b) motion. *See, e.g.*, *Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007).

The insurmountable hurdle that Balentine encounters is that the *Ibarra* decision is a controlling precedent of this court. This panel "cannot overrule the decision of another panel; such panel decisions may be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting *en banc*." *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

We discern no basis to distinguish our circuit precedent from the facts presented to us in this appeal. Balentine's Rule 60(b) Motion for Relief from Judgment was therefore properly denied. AFFIRMED.