IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2007

Charles R. Fulbruge III
Clerk

No. 06-40690

JAVIER OCHOA CANALES

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Corpus Christi

On Petition for Rehearing En Banc

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:

Javier Ochoa Canales filed a Petition for Rehearing En Banc seeking rehearing of this court's denial of his motion for reconsideration of the order denying his motion for a certificate of appealability ("COA"). Canales sought authorization to appeal the district court's denial of his Fed. R. Civ. P. 60(b) motion seeking relief from an April 18, 2001 judgment dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Treating the Petition for Rehearing En Banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of this panel nor judge in regular active

service on the court having requested that the court be polled on Rehearing En Banc (Fed. R. App. P. and 5th Cir. R. 35), the Petition for Rehearing En Banc is also DENIED. We write to explain the denial because this court's unpublished decisions are in conflict with respect to whether a COA is needed to appeal the denial of a Rule 60(b) motion in a habeas case.

I.

In 1994, Canales was convicted by a Texas jury for aggravated sexual assault of a child and was sentenced to twenty years in prison. The Texas Thirteenth District Court of Appeals affirmed the conviction in December 1995. Canales did not immediately file a petition for discretionary review ("PDR").

In May 1998, Canales filed a 207-page pro se state habeas application, raising numerous grounds for relief, including a claim that trial counsel had been ineffective for failing to advise him of the outcome of his direct appeal. The state trial court ordered Canales to file a new brief limited to thirty pages and two issues (ineffective assistance of counsel and prosecutorial misconduct for failing to reveal exculpatory evidence). Canales, represented by appointed counsel, filed an amended application in compliance with the trial court's order.

In March 1999, the Texas Court of Criminal Appeals granted Canales an out-of-time PDR because of counsel's ineffective assistance on direct appeal. The court therefore restored Canales's direct appeal and held that his remaining substantive claims were premature. In October 1999, the Texas Court of Criminal Appeals denied Canales's PDR. Canales did not seek certiorari in the Supreme Court of the United States.

On October 4, 2000, Canales filed a federal habeas petition in which he claimed that (1) the evidence was insufficient, (2) the trial court gave an illegal jury instruction, (3) the indictment was impermissibly amended, (4) counsel was ineffective in numerous respects, (5) various rules of evidence and habeas statutes are unconstitutional, and (6) a conviction based on testimony from only

one witness violates due process. On April 18, 2001, the district court dismissed the petition without prejudice for failure to exhaust state court remedies. Canales did not appeal that decision.

On November 26, 2001, Canales filed a second state habeas application, which the Texas Court of Criminal Appeals dismissed without written order on September 11, 2002.

On October 17, 2002, Canales moved to reinstate his § 2254 petition on the ground that he had exhausted his state remedies. On November 21, 2002, the district court denied the motion to reinstate, reasoning that because Canales's petition had been denied without prejudice for failure to exhaust, Canales could file a new petition without seeking permission from this court to file a successive petition.

On December 24, 2002, Canales filed a second § 2254 petition in the district court. The district court applied equitable tolling for the time that Canales's first § 2254 petition was pending, but determined that the petition was still time-barred and dismissed it on September 18, 2003. This court denied Canales a COA on April 15, 2004, and the Supreme Court denied certiorari on October 4, 2004.

Over six months later, on April 25, 2005, Canales filed in the district court a Fed. R. Civ. P. 60(b) motion, seeking relief from the April 18, 2001 judgment dismissing his original § 2254 petition. Canales argued that (1) his first § 2254 petition should not have been dismissed for failure to exhaust because there was an absence of available state corrective process insofar as he could not assert his legal claims in his second state habeas application, (2) the magistrate judge's original recommendation to dismiss the petition without prejudice gave the district court jurisdiction to grant relief, and (3) the district court never lost jurisdiction over his case because there had never been a final judgment adjudicating the merits of his claims. The district court denied the Rule 60(b)

motion and denied him a COA. Canales sought a COA from this court to appeal the district court's denial of his Rule 60(b) motion. A member of the panel denied the COA and the panel denied Canales's motion for reconsideration.

II.

In his petition for rehearing, Canales argues that a COA is required to appeal the denial of a Rule 60(b) motion only where a petitioner is seeking to file a successive habeas petition or its functional equivalent. He contends that his Rule 60(b) motion attacked only the dismissal of his claims as unexhausted and/or untimely, which is distinct from an attack on the merits of his habeas claims and, therefore, his Rule 60(b) motion is not the functional equivalent of a successive habeas petition. He contends further that our decision requiring him to obtain a COA to appeal the denial of his Rule 60(b) motion is in conflict with other decisions holding that a COA is unnecessary to appeal the denial of a Rule 60(b) motion when the underlying habeas petition was dismissed as time-barred. Owens v. Quarterman, 234 F. App'x 229 (5th Cir. July 5, 2007); Dillard v. Quarterman, 2007 WL 1879149 (5th Cir. June 28, 2007); Wilson v. Waller, 2007 WL 1855371 (5th Cir. June 26, 2007).

In Dunn v. Cockrell, 302 F.3d 491 (5th Cir. 2002), this court held that a COA was not needed for Dunn to appeal the denial of a Rule 60(b) motion pertaining to the earlier denial of a habeas corpus petition. Id. at 492. In his Rule 60(b) motion, Dunn did not challenge any aspect of the district court's ruling, nor did he seek to raise new habeas claims. He sought only to have his final judgment reinstated so that he could file a timely notice of appeal. Id. at 493 ("the sole purpose of Dunn's 60(b) motion is to achieve an extension of the time in which to file a notice of appeal"). This court held that "[a]s this case presents only Dunn's appeal from the denial of his 60(b) motion, and not an appeal from the merits of his habeas petition, no [COA] is required at this time." Id. at 492. The court noted, however, that "this case does not present a situation

in which the petitioner is using Rule 60(b) to amend or alter the judgment of a first habeas proceeding, in which case the Rule 60(b) motion should be treated as a successive habeas petition." Id. at 492 n.1.

At the time Dunn was decided, this court construed all Rule 60(b) motions in habeas cases as attempts to file successive habeas applications. See, e.g., United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998) ("We agree that courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions."); Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999) ("Our own court and other circuit courts have decided that Rule 60(b) motions should be construed as successive habeas petitions governed by the AEDPA's provisions."); Kutzner v. Cockrell, 303 F.3d 333, 338 (5th Cir. 2002) ("a motion under Rule 60(b) is the equivalent of a second or successive habeas petition").

In 2005, the Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). In other words, a Rule 60(b) motion that attacks only a defect in the integrity of the federal habeas proceedings should not be treated as a successive habeas application. The Supreme Court noted that many courts of appeals "have construed 28 U.S.C. § 2253 to impose an additional limitation on appellate review by requiring a habeas petitioner to obtain a COA as a prerequisite to appealing the denial of a Rule 60(b) motion." Id. at 535 & n.7.

Canales argues that "Crosby dictates that where, as here, a Rule 60(b) motion is intended simply to allow the federal petition to be heard on the merits, the movant is allowed an appeal as of right to any denial of that motion." Petition for Rehearing En Banc at 8. Crosby, however, does not support that

proposition. Instead, it holds only that a Rule 60(b) motion is not to be treated as a successive habeas petition if the motion attacks a defect in the integrity of the federal habeas proceedings and does not raise a new ground for relief or attack the district court's resolution of a claim on the merits. Crosby, 545 U.S. at 524, 530-32. The Court did not hold that a petitioner is entitled to appellate review of the denial of such a motion without having to obtain a COA first. To the contrary, the Court noted with approval that some courts require a COA in such a situation. Id. at 535 & n.7.

As we have noted, our unpublished opinions are in conflict with respect to whether Dunn should be interpreted narrowly, to limit its application to its facts, or broadly, to mean that a COA is never required to appeal the denial of a Rule 60(b) motion in a habeas case. The broad interpretation is reflected in Owens, Wilson, and Dillard, cited by Canales, which deemed a COA unnecessary to appeal the denial of a Rule 60(b) motion when the underlying habeas petition was dismissed as time-barred. Those opinions are unpublished and thus are not precedential under 5th Cir. R. 47.5. Other unpublished orders, however, have interpreted Dunn narrowly, and required a COA to appeal the denial of Rule 60(b) motions in habeas cases. E.g., Cooper v. Quarterman, No. 06-10268 (Feb. 15, 2007) (one-judge order), reconsideration denied (5th Cir. May 17, 2007), petition for cert. filed (No. 07-6471) (Aug. 1, 2007); Adeleke v. Quarterman, No. 05-11109 (5th Cir. Nov. 1, 2006) (one-judge order); Dunn v. Dretke, No. 05-10877 (5th Cir. May 5, 2006) (one-judge order), reconsideration denied (5th Cir. July 26, 2006), cert. denied, 127 S.Ct. 950 (2007).

We believe that the narrow interpretation of Dunn is the correct approach, for several reasons. First, the petitioner in Dunn did not challenge the district court's denial of habeas relief. Instead, the sole purpose of Dunn's Rule 60(b) motion was to achieve an extension of time in which to file a notice of appeal. Second, 28 U.S.C. § 2253 provides that a COA is required to appeal "the final

order in a habeas corpus proceeding." 28 U.S.C. § 2253. Because the denial of a Rule 60(b) motion is a final, appealable order, it fits within the definition of a final order in a habeas corpus proceeding. Finally, the court in Dunn noted that the petitioner in that case was not "using Rule 60(b) to amend or alter the judgment of a first habeas proceeding." 302 F.3d at 492 n.1. Unlike the petitioner in Dunn, Canales is attempting to use Rule 60(b) to alter the April 18, 2001 judgment in his first habeas proceeding, in which the district court dismissed his petition without prejudice for failure to exhaust state remedies. We therefore hold that Dunn's conclusion that a COA is not required to appeal the denial of a Rule 60(b) motion applies only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief.

III.

For the foregoing reasons, Canales's Petition for Rehearing En Banc is DENIED.