IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-20677
Summary Calendar

STAN HUNT

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CV-546

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Stan Hunt, Texas prisoner # 363715, was convicted of rape and sentenced to serve life in prison. Hunt filed a FED. R. CIV. P. 60(b) motion to challenge the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, and he also filed a motion for recusal of the district court and a magistrate judge. Hunt now challenges the district court's denial of his motions, and moves this Court for authorization to proceed in forma pauperis (IFP) on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hunt argues that he should not have to obtain a certificate of appealability (COA) to appeal the district court's denial of his Rule 60(b) motion. Hunt's Rule 60(b) motion did not merely seek authorization for out-of-time appeal. Rather, he raised several claims related to the judgment dismissing his § 2254 petition. Consequently, the COA requirement applies to his appeal from the judgment denying his Rule 60(b) motion. Ochoa Canales v. Quarterman, 507 F.3d 884, 887-88 (5th Cir. 2007).

Hunt will not receive a COA unless he makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Hunt has not made this showing with respect to any of the claims raised in his Rule 60(b) motion. To the contrary, he has abandoned these claims by failing to brief them. Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999). Consequently, we DENY Hunt a COA on claims related to the district court's denial of his Rule 60(b) motion.

Hunt is correct in arguing that he is not required to obtain a COA to appeal the district court's denial of his motion to recuse. Trevino v. Johnson, 168 F.3d 173, 176-78 (5th Cir. 1999). However, Hunt has abandoned his claims related to the propriety of this decision by failing to brief them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court's judgment denying Hunt's motion to recuse is AFFIRMED. Hunt's IFP motion is DENIED.