# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2012

No. 12-10019
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PASCUAL SAMUEL GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CV-140
USDC No. 1:06-CR-58-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Pascual Samuel Guerrero, federal prisoner # 07431-097, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the district court's order denying a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking to reinstate the time to file an appeal from a judgment denying relief pursuant to 28 U.S.C. § 2255. A certificate of appealability is not necessary for this appeal to proceed, as the sole purpose of Guerrero's Rule 60(b)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion was "to reinstate appellate jurisdiction over the original denial of habeas relief." *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).

By moving to proceed IFP, Guerrero is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). This court's inquiry into the litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

The district court construed Guerrero's motion as sounding under Rule 60(b)(1). The court ruled that the motion was untimely and, moreover, that Guerrero had failed to demonstrate excusable neglect that would warrant relief as he had failed to comply with his responsibility to keep the court informed of his current address. Guerrero disagrees with the district court's characterization of his motion, arguing that the court should have construed the motion as seeking relief under Rule 60(b)(6). For the first time on appeal, he argues that he provided the clerk of court with his new address and that the district court should not have denied relief without allowing him an opportunity to prove that he notified the court of the address change.

Neither Rule 60(b)(1) nor Rule 60(b)(6) provides a substitute for a timely appeal. *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002); *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002). This is particularly true when, as in this case, "the Rule 60(b) motion is made after time for appeal has expired, and the movant neither complains of any denial of a full and fair hearing before the district court nor seeks by the motion to have the district court alter its ruling, but rather asks only that the order be vacated and reentered." *U.S. v. O'Neil*, 709 F.2d 361, 373 (5th Cir. 1983).

Guerrero has not demonstrated any arguably nonfrivolous claim for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his request for leave to

No. 12-10019

proceed IFP on appeal is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.