**Wendell DUNCAN, Petitioner–Appellant**

v.

**State of MISSISSIPPI, Respondent–Appellee.**

**No. 13–60908.**

United States Court of Appeals, Fifth Circuit.

July 15, 2014.

Wendell A. Duncan, Pearl, MS, pro se.

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Wendell Duncan, Mississippi prisoner # 32726, moves for a certificate of appealability (COA) to appeal the district court's December 4, 2013 order denying his post judgment motions seeking reconsideration in his 28 U.S.C. § 2254 proceedings. He also moves for leave to proceed in forma pauperis (IFP). He argues that, before the district court ruled on his § 2254 application, the district court should have ruled on the petition for writ of mandamus he submitted on April 9, 2012, in which he inquired about the status of, and requested a ruling on, his § 2254 application.

The district court's December 4, 2013 order addressed Duncan's November 2013

---

motions for reconsideration, which constituted motions under Federal Rule of Civil Procedure 60(b). *See Latham v. Wells Fargo Bank, N.A.,* 987 F.2d 1199, 1203–04 (5th Cir.1993). Duncan is required to obtain a COA to appeal the denial of those motions. *See Ochoa Canales v. Quarterman,* 507 F.3d 884, 888 (5th Cir.2007). However, Duncan did not seek a COA regarding the district court's December 4, 2013 order, and the district court did not make a COA ruling in regard to the order.

Ordinarily in the absence of a COA ruling by the district court, we would dismiss the appeal and remand to the district court for a COA ruling. *See* Rule 11(a), Rules Governing § 2254 Proceedings; *Cardenas v. Thaler,* 651 F.3d 442, 443–44 & n. 2 (5th Cir.2011). We decline to remand this case, however, because, for the reasons discussed below, such a remand would be futile and a waste of judicial resources because Duncan has not satisfied the standards for a COA. *See United States v. Alvarez,* 210 F.3d 309, 310 (5th Cir.2000). To obtain a COA, Duncan must demonstrate that reasonable jurists would find debatable or wrong the district court's denial of his motions in its December 4, 2013 order or that the issues presented are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). He has not made the requisite showing.

Accordingly, this appeal is DISMISSED, and Duncan's motions for a COA and leave to proceed IFP are DENIED as moot.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.