**REVISED October 27, 2015**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11345

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2015

Lyle W. Cayce
Clerk

JIMMY RAY MOORE,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:13-CV-46

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jimmy Ray Moore seeks a certificate of appealability (COA) to appeal the dismissal of his motion to alter or amend a final judgment granting him habeas relief from the respondent's 2013 disciplinary action against him. *See* 28 U.S.C. § 2254; FED. R. CIV. P. 59(e). By his motion to alter or amend, Moore seeks to have the district court order the respondent to vacate a 2014

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11345

disciplinary proceeding against Moore that arose from the same incident as did the 2013 proceeding.

Moore may not appeal the denial of his motion to alter or amend unless he obtains a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *see also Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011); *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). The district court did not determine whether Moore was entitled to a COA. Because of the lack of a COA ruling by the district court, we assume without deciding that we lack jurisdiction over this appeal. *See* Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS. We can discern no "legal points arguable on their merits" in connection with Moore's implicit proposition that the district court may amend its final judgment to relieve him from a discrete disciplinary charge that was not the subject of his § 2254 petition and that has yet to be presented to the state courts. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted); *see* 42 U.S.C. § 1997e(a). This appeal is thus patently frivolous. *See Howard*, 707 F.2d at 220.

We decline to remand in order for the district court to make the COA determination in the first instance, as remand would be futile and a waste of judicial resources. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Because his appeal is baseless, no jurist of reason would debate whether, or agree that, Moore should be encouraged to proceed further with it. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The appeal is DISMISSED for lack of jurisdiction. Moore's motions for a COA and for appointment of counsel are DENIED as moot.