# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20667

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2015

Lyle W. Cayce
Clerk

PETE JOE VILLEGAS,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-4483

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Pete Joe Villegas moves for a certificate of appealability (COA) to appeal the district court's merits dismissal of his 28 U.S.C. § 2254 petition that challenges the revocation of his parole on a state conviction for a narcotics offense, denial of his motion for an order directing the clerk not to delay mailing court orders, and denial of postjudgment relief under Federal Rules of Civil Procedure 15(a) and 59(e). The district court denied a COA to appeal the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment but did not address the need for a COA in connection with the other rulings.

To get a COA, Villegas must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue if "reasonable jurists could debate whether (or, for that matter, agree that)" Villegas's § 2254 petition "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted).

A COA is required to appeal the denial of a motion to amend or alter a judgment in a habeas case. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). Because of the lack of a COA ruling by the district court on this issue, we may assume without deciding that we lack jurisdiction over this issue. *See* Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts. However, we will decline to remand in order for the district court to make the COA determination in the first instance if remand would be futile and a waste of judicial resources. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

To the extent that Villegas's motion to alter the judgment seeks to undo the district court's denial of habeas relief, it runs afoul of the prohibition against unauthorized successive petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010). The district court's summary judgment was based on a determination that no grounds for habeas relief existed and was therefore on the merits. *See Gonzalez*, 545 U.S. at 532 & n.4. Because we had not authorized Villegas to bring a successive application, the district court had no jurisdiction to entertain a motion to set aside the denial of habeas relief. *See Crone v.*

No. 14-20667

*Cockrell*, 324 F.3d 833, 836-38 (5th Cir. 2003).  No jurist of reason would debate whether, or agree that, Villegas should be encouraged to proceed further with this claim.  *See Miller-El v. Cockrell*, 537 U.S. at 336.

To the extent that the motion to alter the judgment and to amend the petition challenges a defect in the integrity of the proceedings, Villegas needs a COA to proceed.  *See* § 2253(c)(1)(B); *see also Gonzalez*, 545 U.S. at 532 & n. 5; *Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011).  However, we can discern no legal points arguable on their merits in connection with this claim, which is therefore frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Because his appeal on this point is baseless, no jurist of reason would debate whether, or agree that, Villegas should be encouraged to proceed further with it.  *See Miller-El v. Cockrell*, 537 U.S. at 336.  Consequently, remand would be futile.  *See Alvarez*, 210 F.3d at 310.

Villegas requests a COA to appeal the district court's rejection of his motion for an order directing the clerk to refrain from delaying the mailing of court orders.  It is not clear that this order is a final order "in a proceeding under section 2255" that requires a COA to appeal.  § 2253(c)(1)B); *see Ochoa Canales*, 507 F.3d at 888.  In any event, the record shows that the clerk complied with Federal Rule of Civil Procedure 77(d)(1).  Thus, the claim that it was error not to direct the clerk to avoid delay in mailing notice of orders is patently frivolous.  *See Howard*, 707 F.2d at 220.  Consequently, no jurist of reason would debate whether, or agree that, Villegas should be encouraged to proceed further with it.  *See Miller-El*, 537 U.S. at 336.  Remand would thus be futile.  *See Alvarez*, 210 F.3d at 310.

Villegas argues that he has made a debatable showing that he was denied a constitutional right when the district court dismissed his petition on summary judgment.  Villegas asserts that the district court abused its

discretion by preventing him from amending his complaint in 2007 and 2008 before judgment was entered.  He does not argue that the petition states a claim; instead, he repeatedly asserts that the unamended petition is fatally defective.  Villegas represented to the district court, when seeking to amend before judgment was entered, that his purpose was merely to provide additional specific factual allegations in support of his claim and additional record references to assist the court.  Villegas advances no legal points arguable on their merits in support of his claim that he should have been allowed to amend his petition prior to entry of judgment.  *See Howard*, 707 F.2d at 220; *cf. Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003). Additionally, Villegas cites no authority establishing that he is entitled to a COA in connection with his postjudgment amended petition, which was filed without leave of court or consent of the respondent.  This claim, too, is frivolous. *See Howard*, 707 F.2d at 220.

Villegas's motion for remand to challenge the constitutionality of § 2253(c)(2) is unavailing.  Villegas offers no convincing reason why he did not present this challenge in the district court, and he cites no authority from this circuit entitling him to a second chance to do so.

The appeal is DISMISSED for lack of jurisdiction.  Villegas's motion for a COA is DENIED as moot.  Villegas's motion for remand to challenge the constitutionality of § 2253(c)(2) is DENIED also.