# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20191

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

R. W. ROGERS, SR.,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3242

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 1998, R. W. Rogers, Sr., Texas prisoner # 493394, was convicted of aggravated sexual assault of a child. The district court dismissed his recent challenge to his conviction as an unauthorized successive 28 U.S.C. § 2254 application, denied his post-judgment motion for the appointment of counsel, and denied his Federal Rule of Civil Procedure 60(b) motion for reconsideration of that decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20191

Rogers now seeks a certificate of appealability (COA).  To obtain a COA, Rogers must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Rogers did not file a timely notice of appeal from the dismissal of his § 2254 application.  *See* FED. R. APP. P. 4(a)(1)(A).  Accordingly, this court lacks jurisdiction to review that decision.  *See Hernandez v. Thaler*, 630 F.3d 420, 424 & n.11 (5th Cir. 2011).  His motion for a COA to challenge that decision on appeal is denied.  *See Miller-El*, 537 U.S. at 327.

To the extent Rogers's motion for the appointment of counsel and Rule 60(b) motion raised challenges to the merits of his conviction, they were successive § 2254 applications.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).  Rogers must obtain a COA to appeal the district court's denial of those motions.  *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (noting that this court generally requires a COA for an appeal of the denial of post-judgment motions in a habeas proceeding).  Rogers did not file a timely notice of appeal from the denial of his motion for the appointment of counsel.  *See* FED. R. APP. P. 4(a)(1)(A).  Thus, this court lacks jurisdiction to review that decision.  *See Hernandez v. Thaler*, 630 F.3d 420, 424 & n.11 (5th Cir. 2011).  Rogers did file a timely notice of appeal from the denial of his Rule 60(b) motion.  However, he did not seek authorization from this court to file a second or successive § 2254 application, and the district court lacked jurisdiction to address those claims.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  His motion for a COA to appeal the district court's denial of those motions is denied.  *See Miller-El*, 537 U.S. at 327.

To the extent Rogers's motion for the appointment of counsel and Rule 60(b) motion actually sought the appointment of counsel, they were not successive § 2254 applications, and Rogers is not required to obtain a COA.

2

No. 15-20191

*See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (holding that an order denying the appointment of counsel in a habeas case is not subject to the COA requirements). Rogers's motion for a COA to challenge those decisions is denied as unnecessary. Rogers's appeal from the denial of his motion for appointment of counsel is dismissed for lack of jurisdiction because Rogers did not file a timely notice of appeal. *See* FED. R. APP. P. 4(a)(1)(A). Rogers has not identified any error or abuse of discretion in the denial of his Rule 60(b) motion. Accordingly, he has abandoned any challenge he might have raised regarding that decision. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) Accordingly, the district court's denial of that motion is affirmed. His motion for the appointment of counsel is denied.

The issues Rogers raises in his motion for a COA are repetitive of those he raised in his third § 2254 application, which was denied on the merits; his two unsuccessful motions for authorization to file a second or successive § 2254 application; and two unauthorized § 2254 applications he filed in the district court. Rogers is cautioned that his continued filing of repetitive or frivolous pleadings will invite sanctions, including dismissal, monetary sanctions, and possibly denial of access to the judicial system.

AFFIRMED; MOTIONS DENIED; SANCTION WARNING ISSUED.