# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10834

TOBY JOSHUA JOHNSTON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-397

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Toby Joshua Johnston, Texas prisoner # 1377558, is serving a 35-year term of imprisonment for possession of child pornography, aggravated sexual assault of a child under fourteen years of age, and sexual performance by a child. In 2007, Johnston filed an unsuccessful 28 U.S.C. § 2254 petition challenging his convictions. In July 2015, he filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10834

the denial of his § 2254 petition.  The district court denied the motion on the ground that it was not filed within a reasonable time as required by Federal Rule of Civil Procedure 60(c)(1).

Johnston now seeks a certificate of appealability (COA) to appeal the district court's denial of his Federal Rule of Civil Procedure 60(b) motion.  He also has filed motions for leave to file a corrected brief and a supplemental brief, as well as a motion to take judicial notice of adjudicative facts.

Before he can appeal the denial of his motion under Rule 60(b) of the Federal Rules of Civil Procedure, Johnston must obtain a COA.  *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).  The district court did not determine whether Johnston was entitled to a COA.  Because the district court has not issued a COA ruling, we assume without deciding that we lack jurisdiction over the appeal.  *See* Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS; *Cardenas v. Thaler*, 651 F.3d 442, 444 & nn.1-2 (5th Cir. 2011).  Nevertheless, we decline to remand this case to the district court for a COA ruling because the appeal is frivolous, and a remand would be futile.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

In the alternative, even if we have jurisdiction over the appeal absent a COA ruling in the district court, we would deny a COA.  To obtain a COA, Johnston must establish that reasonable jurists would debate that the district court abused its discretion in denying the Rule 60(b) motion.  *Hernandez v. Thaler*, 630 F.3d 420, 427-28 (5th Cir. 2011); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  He has failed to make the required showing.

Accordingly, the appeal is DISMISSED for lack of jurisdiction, and Johnston's motions for a COA, for leave to file a corrected brief, for leave to file a supplemental brief, and to take judicial notice of adjudicative facts are DENIED AS MOOT.