# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31057

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2016

Lyle W. Cayce
Clerk

TIFFANY M. WOODS,

Petitioner–Appellant,

versus

JAMES ROGERS, Warden, Louisiana Correctional Institute for Women,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2879

Before SMITH, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tiffany Woods, Louisiana prisoner # 545546, was convicted of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

second-degree murder of her five-month-old child and sentenced to a mandatory term of life.  On November 9, 2015, she filed a motion for leave to file a Federal Rule of Civil Procedure 60(b) motion seeking relief from the dismissal of her 28 U.S.C. § 2254 application.  The district court denied the motion for leave to file and Woods's request for Rule 60(b) relief.  Woods moves for a certificate of appealability ("COA") to appeal the denial of her proposed Rule 60(b) motion.

A COA is required to appeal the denial of a Rule 60(b) motion except where the motion seeks to reinstate appellate jurisdiction over the initial denial of habeas corpus relief.  *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).  A COA is also required to appeal the denial of an unauthorized successive § 2254 application.  *Cardenas v. Thaler*, 651 F.3d 442, 443 (5th Cir. 2011).

The district court did not determine whether Woods was entitled to a COA.  Because of that, we assume, without deciding, that we lack jurisdiction over the appeal.  *See* Rule 11(a), Rules Governing § 2254 Cases; *Cardenas*, 651 F.3d at 444 & nn.1–2.  Nevertheless, we decline to remand for a ruling on a COA, because a remand would be futile.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).  Woods's proposed Rule 60(b) motion was an unauthorized successive § 2254 application.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).  Because the district court lacked jurisdiction to consider it, we lack jurisdiction to review the denial of Woods's proposed Rule 60(b) motion on the merits.  *See United States v. Key*, 205 F.3d 773, 774–75 (5th Cir. 2000).

Accordingly, the appeal is DISMISSED for want of jurisdiction, and the motion for a COA is DENIED as moot.