# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20138

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOWARD GRANT,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2344
USDC No. 4:09-CR-424-3

Before JOLLY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Howard Grant, former federal prisoner # 43671-279, was sentenced to 41-month concurrent terms of imprisonment following jury-trial convictions for conspiracy to commit health care fraud, *see* 18 U.S.C. § 1349, and aiding and abetting in the same, *see* 18 U.S.C. § 1347. *United States v. Grant*, 683 F.3d 639, 641 (5th Cir. 2012). Grant seeks to challenge the district court's denial of (a) his December 2015 motion under Federal Rule of Civil Procedure 60(b)(6)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for relief from an order of May 8, 2014, dismissing as successive the January 2014 motion he filed for relief under 28 U.S.C. § 2255 and (b) his subsequent Rule 60(b)(6) motion for relief from the denial of the earlier Rule 60(b)(6) motion. Those motions challenge a defect in § 2255 proceedings brought by Grant in January 2014.

Grant needs a COA to proceed. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). Getting a COA requires a showing that "reasonable jurists could debate . . . that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotation marks omitted). The district court did not rule whether Grant was entitled to a COA. Because of the lack of a COA ruling by the district court, we may assume without deciding that we lack jurisdiction over the issues presented. *See* Rule 11(A), Rules Governing § 2255 Proceedings for the United States District Courts. However, we will decline to remand in order for the district court to make the COA determination in the first instance if remand would be futile and a waste of judicial resources. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

Ordinarily, Rule 60(b) proceedings involve "limited and deferential appellate review." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The movant must show extraordinary circumstances to justify an award of relief under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535; *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

Precedent forecloses Grant's argument that a district court is without jurisdiction to adjudicate a § 2255 motion before a direct appeal is terminated by the expiration of the period for seeking a writ of certiorari from the Supreme Court. *See United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988). Grant's claim is thus unsupported by "legal points arguable on their merits" and is

frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because Grant's continued urging of it in motions for reconsideration does nothing but repeat frivolity, no jurist of reason might conclude that this appeal should proceed. *See id.*; *Slack*, 529 U.S. at 484; *Ortega*, 859 F.2d at 334. Remand would therefore be futile and would waste judicial resources. *See Alvarez*, 210 F.3d at 310.

Grant is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).

APPEAL DISMISSED; COA DENIED; SANCTION WARNING ISSUED.