# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20586

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2017

Lyle W. Cayce
Clerk

XAVIER A. AUSTIN,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3424

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Xavier A. Austin, Texas inmate # 1812666, was convicted of capital murder by a jury and sentenced to life in prison without the possibility of parole. *See Austin v. State*, No. 14-12-894-CR, 2014 WL 3555703, at *1-2 (Tex. Crim. App. July 17, 2014). He now seeks a certificate of appealability (COA) to appeal the district court's dismissal of his amended 28 U.S.C. § 2254 petition as time barred and denial of his Rule 59(e) motion for reconsideration of that dismissal. The district court denied a COA when it dismissed Austin's § 2254

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20586

petition, but it did not rule on a COA in connection with denying the Rule 59(e) motion.

To obtain a COA, a § 2254 petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where, as here, the district court's denial of federal habeas relief is based on procedural grounds, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Austin has failed to show that reasonable jurists would find that the district court erred in declining to apply either statutory or equitable tolling with respect to his amended § 2254 petition; his original, timely § 2254 petition was filed under the same conditions. *See Slack*, 529 U.S. at 484. Accordingly, his motion for a COA with respect to dismissal of his amended § 2254 petition is DENIED.

A COA is required to appeal the denial of a Rule 59(e) motion in a habeas case. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). Because of the lack of a COA ruling by the district court on this issue, we may assume without deciding that we lack jurisdiction over this issue. *See* Rule 11(a), RULES GOVERNING § 2254 CASES. However, we will decline to remand in order for the district court to make the COA determination in the first instance if remand would be futile and a waste of judicial resources. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Because Austin has failed to brief any separate error in connection with denial of his Rule 59(e) motion, he has waived that issue. *See Hughes v. Johnson*, 191 F.3d 607, 612-

No. 16-20586

13 (5th Cir. 1999). Accordingly, we DISMISS this matter in part for lack of jurisdiction to rule on Austin's COA motion with respect to denial of his Rule 59(e) motion because remand would be futile. *See Alvarez*, 210 F.3d at 310.

COA DENIED IN PART AND DISMISSED IN PART.