# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41644

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2017

Lyle W. Cayce
Clerk

DENNIS RAY FREEMAN,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-879

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dennis Ray Freeman, Texas prisoner # 1873252, is serving life in prison for attempted sexual assault of a child and indecency with a child. Freeman filed an unsuccessful 28 U.S.C. § 2254 petition challenging his attempted sexual assault conviction. He subsequently filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(3), seeking relief from the denial of his § 2254 petition on the basis of fraud, misrepresentation, or misconduct. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41644

court denied the motion.   Freeman now seeks a certificate of appealability (COA) to appeal the district court's denial of his Rule 60(b) motion.

Before he can appeal the denial of his motion under Rule 60(b), Freeman must obtain a COA.  *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).  The district court did not determine whether Freeman was entitled to a COA.  Because the district court has not issued a COA ruling, we assume without deciding that we lack jurisdiction over the appeal.  *See* Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS; *Cardenas v. Thaler*, 651 F.3d 442, 444 & nn.1-2 (5th Cir. 2011).  Nevertheless, we decline to remand this case to the district court for a COA ruling because the appeal is frivolous, and a remand would be futile.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

In the alternative, even if we have jurisdiction sufficient to grant or deny a COA in this court absent a COA ruling in the district court, we would deny a COA.  To obtain a COA, Freeman must establish that reasonable jurists would debate that the district court abused its discretion in denying the Rule 60(b) motion.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Hernandez v. Thaler*, 630 F.3d 420, 427-28 (5th Cir. 2011).  He has failed to make the required showing.

Accordingly, the appeal is DISMISSED for lack of jurisdiction, and Freeman's motions for a COA, for leave to proceed in forma pauperis on appeal, and for the appointment of counsel are DENIED AS MOOT.