# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31161

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2017

Lyle W. Cayce
Clerk

CHARLES LEE,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1185

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

Charles Lee, Louisiana prisoner # 386633, is serving concurrent sentences of 49½ years of imprisonment, which were imposed following his 1998 convictions on two counts of armed robbery. His previous conviction of possession of a stolen vehicle, a crime he committed while he was 17 years old, was used to enhance his sentences in the armed robbery cases. Lee's 28 U.S.C. § 2254 petition was dismissed in May 2013.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31161

In January 2016, Lee filed a motion under Federal Rule of Civil Procedure 60(b) seeking relief from the judgment dismissing his § 2254 petition. The district court denied the Rule 60(b) motion as untimely, and it denied Lee's motion for reconsideration. Lee now seeks a certificate of appealability (COA) to appeal the district court's denial of his Rule 60(b) motion and the related motion for reconsideration.

Before he can appeal the denial of these motions, Lee must obtain a COA. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007). The district court did not determine whether Lee was entitled to a COA. Because the district court has not issued a COA ruling, we assume without deciding that we lack jurisdiction over the appeal. *See* Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS; *Cardenas v. Thaler*, 651 F.3d 442, 444 & nn.1-2 (5th Cir. 2011). Nevertheless, we decline to remand this case to the district court for a COA ruling because the appeal is frivolous, and a remand would be futile. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

In the alternative, even if we have jurisdiction over the appeal absent a COA ruling in the district court, we would deny a COA. To obtain a COA, Lee must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Lee must establish that reasonable jurists would debate that the district court abused its discretion in denying the motions. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Hernandez v. Thaler*, 630 F.3d 420, 427-28 (5th Cir. 2011). Lee has failed to make the required showing.

Accordingly, the appeal is DISMISSED for lack of jurisdiction, and Lee's motion for a COA is DENIED AS MOOT.