# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20200

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2017

Lyle W. Cayce
Clerk

STEVEN KURT BAUGHMAN,

Petitioner-Appellant

v.

RON HICKMAN; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3191

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Steven Kurt Baughman, SPN # 00505318, was convicted in Texas state court of two counts of attempted capital murder of a peace officer. He now seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time barred and denial of his Rule 59(e) motion to alter or amend that dismissal. The district court denied a COA when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it dismissed Baughman's § 2254 petition, but it did not rule on a COA in connection with its denial of the Rule 59(e) motion.

This court may issue a COA only if Baughman has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied relief on procedural grounds, this court will grant a COA only if reasonable jurists would debate whether the district court's procedural ruling is correct and whether Baughman states a valid claim of a constitutional deprivation. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

According to Baughman, the district court erred in dismissing his § 2254 petition as untimely without considering his arguments for timeliness that he submitted in compliance with the court's directives. After reviewing his arguments, we conclude, however, that Baughman has not met the requisite COA standard as to the dismissal of his 28 U.S.C. § 2254 petition. *See Slack*, 529 U.S. at 484. Accordingly, his motion for a COA with respect to dismissal of his § 2254 petition is DENIED.

A COA is required to appeal the denial of a Rule 59(e) motion in a habeas case. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). Because of the lack of a COA ruling by the district court on this issue, we may assume without deciding that we lack jurisdiction over the issue. *See Cardenas v. Thaler*, 651 F.3d 442, 443-44 (5th Cir. 2011); Rule 11(a), RULES GOVERNING § 2254 CASES. However, we will decline to remand in order for the district court to make the COA determination in the first instance if remand would be futile and a waste of judicial resources. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Accordingly, we DISMISS this matter in part for lack of jurisdiction to rule on Baughman's COA motion with respect to denial of his Rule 59(e) motion because remand would be futile.

COA DENIED IN PART AND DISMISSED IN PART.