# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10674

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2018

Lyle W. Cayce
Clerk

DON ALFONSO WILLIAMS,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-4504
USDC No. 3:14-CV-4505
USDC No. 3:14-CV-4506

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Don Alfonso Williams, Texas prisoner # 01786481, is serving 50-year concurrent terms in prison for murder and each of two aggravated robbery convictions. Williams filed an unsuccessful 28 U.S.C. § 2254 petition challenging his convictions. He subsequently filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(3) and (b)(4), seeking relief from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10674

denial of his § 2254 petition on the basis of a void judgment and fraud, misrepresentation, or misconduct.  The district court denied the motion. Williams now seeks a certificate of appealability (COA) to appeal the district court's denial of his Rule 60(b) motion.

Before he can appeal the denial of his motion under Rule 60(b), Williams must obtain a COA.  *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).  The district court did not determine whether Williams was entitled to a COA.  Because the district court has not issued a COA ruling, we assume without deciding that we lack jurisdiction over the appeal.  *See* Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS; *Cardenas v. Thaler*, 651 F.3d 442, 443-44 & nn.1-2 (5th Cir. 2011).  Nevertheless, we decline to remand this case to the district court for a COA ruling because the appeal is frivolous and a remand would be futile.  *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

In the alternative, even if we have jurisdiction over the appeal absent a COA ruling in the district court, we would deny a COA.  To obtain a COA, Williams must establish that reasonable jurists would debate that the district court abused its discretion in denying the Rule 60(b) motion.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).  He has failed to make the required showing.

Accordingly, the appeal is DISMISSED for lack of jurisdiction, and Williams's motion for a COA is DENIED AS MOOT.