# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11059

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2020

Lyle W. Cayce
Clerk

consolidated with No. 19-11138

CHRISTOPHER WOOTEN,

> Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:17-CV-118

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Christopher Wooten, Texas prisoner # 2089854, filed a 28 U.S.C. § 2254 petition challenging two felony convictions for driving while intoxicated (DWI) as a repeat offender. In 2012, in state case No. 13389, he was sentenced to 10 years in prison, and in 2016, in state case No. 14804, he was sentenced to 13

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

years in prison.  He contended that a 1983 misdemeanor DWI conviction was improperly used as a predicate for his repeat-offender DWI convictions.

In a July 2019 order (the July Order), the district court severed the claims, dismissing the challenge to No. 13389 as successive and unauthorized, and directing that the challenge to No. 14804 be considered in a new § 2254 proceeding that would be stayed pending Wooten's exhaustion of state remedies.  Later, in a September 2019 order (the September Order), the district court denied a motion for reconsideration of the July Order.

Wooten has moved this court for a certificate of appealability (COA) in appeal No. 19-11059 and appeal No. 19-11138.  Because the COA motions relate to the same district court proceeding, we consolidate the appeals.

When Wooten's pleadings are construed with utmost liberality, he may be deemed to assert that the district court deprived him of due process by dismissing the part of his § 2254 petition that challenged state conviction No. 13389; the order to sever and stay pending exhaustion was in error because state remedies are inadequate to give him all the relief he seeks; the 1983 state DWI conviction is invalid as a predicate offense; and the collateral order doctrine applies, though Wooten does not identify any particular "collateral order."  All of his claims challenge some aspect of the July Order.  However, there is no timely notice of appeal from the July Order.  Accordingly, we dismiss the claims for lack of jurisdiction.  *See Bowles v. Russell*, 551 U.S. 205, 213-14 (2007).

Some of Wooten's assertions about the severance and stay may be liberally construed as calling into question the September Order denying the motion to reconsider.  There is a timely notice of appeal for these claims.  The motion for reconsideration was not filed within the 28 days allowed under Federal Rule of Civil Procedure 59(e).  It was thus, in effect, a motion under Federal Rule of Civil Procedure 60(b) that neither extended the time for

appealing the July order nor brought up that order for review. *See* FED. R. APP. P. 4(a)(4)(A); *Williams v. Thaler*, 602 F.3d 291, 303 & n.8 (5th Cir. 2010); *see also In re Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984).

A COA is generally required to appeal the denial of a Rule 60(b) motion in a habeas case. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007). We will issue a COA to appeal the denial of the Rule 60(b) motion only if Wooten shows that "a jurist of reason could conclude that the district court's denial of [his] motion was an abuse of discretion." *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).

Wooten's bare assertions, unsupported by any coherent argument, fail to show that the district court's denial of the Rule 60(b) motion is debatable among jurists of reason. *See id.* A COA is denied as to the contentions that arguably call into question the denial of the postjudgment motion. In all other respects a COA is denied as moot. Wooten's motion's for appointment of counsel and for leave to file a second petition are also denied.

This court has previously dismissed at least four appeals related to Wooten's habeas proceedings because he tried to appeal unappealable orders. The district court and this court have warned Wooten that repetitive and frivolous filings would expose him to sanctions. *See Wooten v. Davis*, No. 18-10501 (5th Cir. Mar. 1, 2019); *Wooten v. Davis*, No. 1:14-CV-72, 2018 WL 10424865, 1 (N.D. Tex. Apr. 30, 2018). He remains undeterred.

Accordingly, we now impose upon Wooten a sanction of $100 (One Hundred Dollars), to be paid to the clerk of this court. Until the sanction is paid in full, Wooten is BARRED from filing in this court, or any court subject to this court's jurisdiction, any original action, notice of appeal, motion, or other pleading seeking to challenge any existing state DWI conviction or sentence. Wooten is also WARNED that prior sanction warnings remain in effect, and

No. 19-11059 c/w
No. 19-11138

that his failure to comply with them will subject him to additional and progressively more severe sanctions.  Wooten is directed to review any pending matters and move to dismiss any actions or withdraw any pleadings that violate prior warnings.

APPEALS CONSOLIDATED; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; COA DENIED IN PART AND DENIED IN PART AS MOOT; MOTIONS TO APPOINT COUNSEL AND TO FILE A SECOND PETITION DENIED; SANCTION IMPOSED; SANCTION WARNING ISSUED.