# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-70027

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2019

Lyle W. Cayce
Clerk

BILLY JACK CRUTSINGER,

     Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

     Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, OWEN, and GRAVES, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Billy Jack Crutsinger appeals from the district court's order transferring his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) to this court. The district court held that Crutsinger's motion was a second-or-successive petition for habeas relief within the meaning of 28 U.S.C. § 2244(b)(1), and therefore, that the court lacked jurisdiction. We conclude that the motion was not a successive habeas petition and therefore vacate the order of transfer. However, based on circuit precedent binding on this panel, we conclude that we lack jurisdiction to treat the transfer order and Crutsinger's requests for relief in this court as a request for a certificate of

## No. 18-70027

appealability (COA).  Accordingly, we remand to the district court for further proceedings.

## I

In April 2003, "Crutsinger fatally stabbed eighty-nine-year-old Pearl Magouirk and her seventy-one-year-old daughter, Patricia Syren."[1]  A jury convicted Crutsinger of capital murder, and the state trial judge sentenced him to death "based on the jury's answers to the special issues in the court's charge."[2]  The Texas Court of Criminal Appeals "affirmed [Crutsinger's] conviction and sentence on direct appeal."[3]

Crutsinger filed a state habeas petition raising eighteen grounds for relief, including an ineffective-assistance-of-trial counsel (IATC) claim.[4]  The state trial court "issued findings of fact and conclusions of law recommending that relief be denied."[5]  After "review[ing] the record with respect to the allegations made by [Crutsinger]," the Court of Criminal Appeals adopted the trial court's recommendation and denied relief.[6]

Before initiating federal habeas proceedings, Crutsinger filed a sealed application for authorization of funding and the appointment of an investigator pursuant to 18 U.S.C. § 3599(f).[7]  The federal district court denied the request in a sealed order, finding that Crutsinger's application "fail[ed] to provide the information necessary to show that the claim he [sought] to develop [was] not

---

[1] *Crutsinger v. Stephens*, 576 F. App'x 422, 424 (5th Cir. 2014), *abrogated on other grounds by Ayestas v. Davis*, 138 S. Ct. 1080 (2018).

[2] *Id.*

[3] *Id.*; *see also Crutsinger v. State*, 206 S.W.3d 607, 608 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1098 (2006).

[4] *Crutsinger*, 576 F. App'x at 424.

[5] *Id.*

[6] *Ex Parte Crutsinger*, No. WR-63,481-01, 2007 WL 3277524, at *1 (Tex. Crim. App. Nov. 7, 2007).

[7] *Crutsinger*, 576 F. App'x at 424.

procedurally barred from review." Crutsinger filed a motion for reconsideration, emphasizing his intention to "assert ineffective assistance of counsel in the investigation and presentation of mitigation evidence in the punishment phase of his trial." The court denied the motion.

Crutsinger then filed a federal habeas petition.[8] In his petition, "Crutsinger alleged that (1) the trial court failed to suppress evidence resulting from his illegal arrest in violation of the Fourth Amendment, (2) his trial counsel provided ineffective assistance in failing to timely initiate a social history investigation, which caused counsel to overlook evidence of his mental impairments caused by alcohol addiction, head trauma, depression, and low intelligence, and (3) actual innocence."[9] Despite Crutsinger's "failure to develop the factual basis of these claims in state court," the district court determined that "the record contain[ed] sufficient facts to make an informed decision on the merits," and it reviewed Crutsinger's IATC claims de novo.[10] Applying the standard from *Strickland v. Washington*,[11] the district court concluded that the representation by trial counsel did not fall below an objective standard of reasonableness during the pretrial, guilt, or sentencing phases.[12] The court also concluded that, in any event, the record failed to support a finding of prejudice.[13]

After the district court's initial ruling on Crutsinger's federal habeas petition, the Supreme Court issued *Martinez v. Ryan*,[14] which held that

---

[8] *Id.* at 425.

[9] *Id.*

[10] *Crutsinger v. Thaler*, No. 4:07–CV–703–Y, 2012 WL 369927, at *4 (N.D. Tex. Feb. 6, 2012).

[11] 466 U.S. 668 (1984).

[12] *Crutsinger*, 2012 WL 369927, at *5-7, *8-12.

[13] *Id.* at *7-8, *12-13.

[14] 566 U.S. 1 (2012).

3

"[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[15]  Crutsinger then filed a Federal Rule of Civil Procedure 59(e) motion to vacate the initial habeas judgment.[16]  The district court denied the request, concluding that "the claim of ineffective trial counsel raised by Crutsinger had no merit and was, therefore, not 'substantial' as required by *Martinez.*"[17]

Crutsinger appealed, and we reviewed both the IATC claim and the related claim that the district court had abused its discretion in denying funding under § 3599.[18]  We considered the Supreme Court's decision in *Martinez v. Ryan*[19] and concluded that "[u]nder *Martinez*, Crutsinger has to establish that his underlying IAC claim is 'substantial' and that his state habeas counsel was ineffective."[20]  We recognized that *"Martinez* makes this substantiality standard equivalent to the standard for obtaining a COA."[21]

With respect to the § 3599 claim, we denied Crutsinger's request for a COA and affirmed the district court's disposition.[22]  In applying the statutory standard of whether an investigator's services were "reasonably necessary for the representation of the defendant,"[23] our court construed "[r]easonably

---

[15] *Id.* at 9.

[16] *Crutsinger v. Stephens*, 576 F. App'x 422, 425 (5th Cir. 2014), *abrogated on other grounds by Ayestas v. Davis*, 138 S. Ct. 1080 (2018).

[17] *Crutsinger v. Davis*, No. 4:07-CV-00703-Y, 2018 WL 3743881, at *3 (N.D. Tex. Aug. 7, 2018).

[18] *Crutsinger*, 576 F. App'x at 426-31.

[19] 566 U.S. 1 (2012).

[20] *Crutsinger*, 576 F. App'x at 430.

[21] *Id.*

[22] *Id.* at 428-31.

[23] 18 U.S.C. § 3599(f) ("Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to

necessary in this context [to] mean[] 'that a petitioner must demonstrate "a substantial need" for the requested assistance.'"[24]

Crutsinger then filed a petition for certiorari.[25]  With regard to § 3599, he asserted that this court had improperly "hewed to Fifth Circuit precedent specifying that '[r]easonably necessary in this context means that a petitioner must demonstrate a substantial need for the requested assistance,'" and that the "'substantial need' criteria for § 3599 services" was an "outlier."[26]  This was the only reference to the "substantial need" gloss that the Fifth Circuit had placed on the text of the statute.  Crutsinger's argument and briefing focused on a "cart-before-horse" rationale.[27]  Relying on the Supreme Court's decisions in *Martinez v. Ryan*[28] and *Treviño v. Thaler*,[29] Crutsinger asserted that his ineffective-assistance-of-trial-counsel claim, based on failure to investigate, was procedurally defaulted due to state habeas counsel's alleged ineffective assistance in failing to investigate mitigating evidence and failing to pursue the issue adequately in state habeas proceedings.[30]  Crutsinger also argued that in evaluating the merits of his claims and the denial of funds under § 3599, the Fifth Circuit had erred by requiring him "to explain[] what the additional investigation he requests would reveal [and] how it would have changed the

---

obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor . . . .").

[24] *Crutsinger*, 576 F. App'x at 429 (quoting *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004)).

[25] Petition for Writ of Certiorari, *Crutsinger v. Stephens*, 135 S. Ct. 1401 (2015) (No. 14-6992).

[26] *Id.* at 21 (emphasis omitted) (quoting *Crutsinger*, 576 F. App'x at 429).

[27] *Id.* at 22.

[28] 566 U.S. 1 (2012).

[29] 569 U.S. 413 (2013).

[30] Petition for Writ of Certiorari at 10-14, *Crutsinger v. Stephens*, 135 S. Ct. 1401 (2015) (No. 14-6992).

result of his trial and sentence."[31]   The Supreme Court denied Crutsinger's petition for certiorari.[32]

Three years later, in another case, *Ayestas v. Davis*, the Supreme Court held that the Fifth Circuit's requirement that a movant show a "substantial need" to demonstrate that funds were "reasonably necessary" was not supported by the text of § 3599, and that this court's conclusion that funding for an investigation should not be granted if the claim was procedurally barred was incorrect.[33]   The Supreme Court held, "[t]he difference between 'reasonably necessary' and 'substantially need' may be small, but the Fifth Circuit exacerbated the problem by invoking precedent to the effect that a habeas petitioner seeking funding must present 'a viable constitutional claim that is not procedurally barred.'"[34]   In *Ayestas*, the Supreme Court expressly cited our court's decision in *Crutsinger* with disapproval,[35] and all agree that our decision in *Crutsinger* was accordingly abrogated regarding its analysis and application of § 3599.

Crutsinger then returned to federal district court, asserting in a Rule 60(b)(6) motion that there was a defect in the integrity of his initial federal habeas proceedings because the district court had incorrectly applied the law in assessing his request for funds under § 3599.[36]   He requested that the federal district court vacate its judgment and allow him to file a new § 3599 motion.[37]   He did not seek to overturn the state court's judgment of conviction

---

[31] *Id.* at 22 (alterations in original) (quoting *Crutsinger*, 576 F. App'x at 428).

[32] *Crutsinger v. Stephens*, 135 S. Ct. 1401 (2015) (No. 14-6992).

[33] *Ayestas v. Davis*, 138 S. Ct. 1080, 1093-94 (2018).

[34] *Id.* at 1093 (alteration in original) (quoting *Ayestas v. Stephens*, 817 F.3d 888, 895 (5th Cir. 2016), *vacated sub nom. Ayestas v. Davis*, 138 S. Ct. 1080 (2018)).

[35] *Id.* (citing *Crutsinger*, 576 F. App'x. at 431).

[36] ROA.677.

[37] ROA.703.

and death sentence, but it is clear from his motion that if substantial additional mitigating evidence is discovered, he would seek to set aside his state conviction, sentence, or both.  The district court determined that his Rule 60(b) motion was "in actuality a second-or-successive petition for habeas relief," which deprived the court of jurisdiction.[38]  Accordingly, the district court transferred the motion to this court.[39]

## II

The Supreme Court's decision and reasoning in *Gonzalez v. Crosby*[40] compels the conclusion that Crutsinger's Rule 60(b)(6) motion is not a successive petition for habeas relief within the meaning of 28 U.S.C. § 2244(b)(1).[41]  The *Gonzalez* decision appears to establish that Crutsinger is not entitled to relief under Rule 60(b) because a change in the law does not constitute an extraordinary circumstance, which Rule 60(b)(6) requires.[42]  However, we remand the case to the district court to decide the latter issue in the first instance.

## A

We must determine whether Crutsinger's Rule 60(b)(6) motion is actually a successive habeas petition within the meaning of the Antiterrorism and Effective Death Penalty Act (AEDPA).[43]  If it is not, the district court's order transferring the case to this court must be vacated.

---

[38] *Crutsinger v. Davis*, No. 4:07-CV-00703-Y, 2018 WL 3743881, at \*1 (N.D. Tex. Aug. 7, 2018).

[39] *Id.*

[40] 545 U.S. 524, 535 (2005).

[41] *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

[42] *See Gonzalez*, 545 U.S. at 536-37 (construing FED. R. CIV. P. 60(b)(6)).

[43] *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

No. 18-70027

JUSTICE SCALIA, writing for the Court in *Gonzalez*, explained that "'[a]s a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner's "application"' for a writ of habeas corpus,"[44] and courts "therefore must decide whether a Rule 60(b) motion filed by a habeas petitioner is a 'habeas corpus application' as the statute uses that term."[45] "[I]t is clear that for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'"[46] "These statutes, and [Supreme Court] decisions, make clear that a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction."[47]

> A motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.[48]

By contrast, "[t]hat is not the case . . . when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[49]

In *Gonzalez*, the federal district court had dismissed the petitioner's habeas petition, concluding that it was barred by AEDPA's statute of limitations.[50] After that judgment had become final, the Supreme Court issued a decision in *Artuz v. Bennett*,[51] which held "that an application for state

---

[44] *Gonzalez*, 545 U.S. at 530 (quoting *Calderon v. Thompson*, 523 U.S. 538, 554 (1998)); *see also* 28 U.S.C. § 2244(b)(1).

[45] *Gonzalez*, 545 U.S. at 530.

[46] *Id.*

[47] *Id.*

[48] *Id.* at 532 (footnote omitted).

[49] *Id.*

[50] *Id.* at 527.

[51] 531 U.S. 4 (2000).

8

postconviction relief can be 'properly filed' even if the state courts dismiss it as procedurally barred."[52]  Gonzalez then filed a Rule 60(b)(6) motion "contending that the District Court's time-bar ruling was incorrect under *Artuz*'s construction of § 2244(d)."[53]  The district court denied the motion, and the Eleventh Circuit concluded, en banc, that the Rule 60(b)(6) motion was in substance a second or successive habeas corpus petition.[54]

The Supreme Court disagreed with the circuit court.  The Supreme Court pointed out that the Rule 60(b)(6) motion at issue in *Gonzalez* "does not present a revisitation *of the merits*" but instead "confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding."[55]  "Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition."[56]

Crutsinger's motion for funding is analogous.  It does not present a revisitation of the merits of the IATC claim.  It is confined to the federal district court's denial of funding in the first federal habeas proceeding.  It is not a successive habeas petition within the meaning of 28 U.S.C. § 2244(b)(1).  The district court therefore had jurisdiction to consider the Rule 60(b)(6) motion.

**B**

To prevail on a motion under Rule 60(b)(6), a movant must show "'extraordinary circumstances' justifying the reopening of a final judgment."[57]  It would appear that the Supreme Court's holding in *Gonzalez* that "not every

---

[52] *Gonzalez*, 545 U.S. at 527.

[53] *Id.*

[54] *Id.* at 527-28 (citing *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1278, 1281-82 (11th Cir. 2004), *aff'd on other grounds sub nom. Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

[55] *Id.* at 534.

[56] *Id.* at 535-36.

[57] *Id.* at 535 (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

## No. 18-70027

interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final"[58] is at least instructive, if not dispositive, of Crutsinger's Rule 60(b) motion.

However, a decision of our court has held that we are without jurisdiction unless the district court either granted or denied a COA on the "specific issue" before us.[59]  Accordingly, we are foreclosed from treating the district court's transfer order and Crutsinger's request for relief in our court as a COA. Accordingly, we remand this case to the district court for further proceedings.

*     *     *

We VACATE the district court's order transferring Crutsinger's motion to this court as a successive petition.  We REMAND to the district court to consider the Rule 60(b)(6) motion in the first instance.

---

[58] *Id.*

[59] *Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018); *see also Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011) (per curiam) (citing *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (per curiam)).

No. 18-70027

JAMES E. GRAVES, JR., Circuit Judge, dissenting:

Because I conclude that Billy Jack Crutsinger's motion under Federal Rule of Civil Procedure 60(b)(6) should be granted, I would vacate and remand for proper consideration of his funding motion. Thus, I respectfully dissent.

The district court denied Crutsinger's requested funding for investigative and expert assistance in the development of his ineffective assistance of counsel claim because his claim was unexhausted and procedurally barred from review. Crutsinger later included the claim, presented without the benefit of those funds, in his habeas petition to preserve it. The State did not then assert a procedural bar. The district court declined to apply a procedural bar sua sponte and found that the undeveloped claim failed on the merits.

The district court denied funding solely on the basis of the procedural bar and used language that could be interpreted as indicating it would not have denied funding but for the procedural bar. Specifically, the district court said, in relevant part:

> Petitioner's present motion for funding and attachments set forth tragic circumstances that appear to have been all too common in the post-conviction investigation and presentation of habeas-corpus claims. This Court is not insensitive to the plight of inmates who are precluded from presenting such claims in federal court due to the failure of their counsel to raise those claims in the state-court proceedings. However, as set out below, this Court may not use such circumstances to excuse the failure to present these claims to the state courts.

The necessary finding the district court must make to authorize funding under 18 U.S.C. § 3599(f) is merely that the defendant is indigent and "investigative, expert, or other services are reasonably necessary." The district court found that, under our case law, Crutsinger could not make the required

11

showing "when the claim sought to be investigated is procedurally barred from review."

Prior to the conclusion of Crutsinger's habeas, *Martinez v. Ryan*, 566 U.S. 1 (2012), was decided. As we know from *Trevino v. Thaler*, 569 U.S. 413 (2013), *Martinez* clearly applies to Texas. Under *Martinez*, Crutsinger's ineffective assistance of counsel claim was not procedurally barred.

Crutsinger subsequently filed a motion to alter or amend under Fed. R. Civ. P. 59(e). In denying this motion, the district court addressed the Supreme Court's decision in *Martinez* and said that to overcome the default, Crutsinger had to establish that his claim was substantial and had merit. The district court then found that *Martinez* would not excuse the procedural default in this case, and, because the claim was unexhausted, evidentiary development would be inappropriate.

In later denying a certificate of appealability, this court concluded that the denial of funding was justified because Crutsinger had not established that his underlying ineffective assistance of counsel claim was substantial. *See Crutsinger v. Stephens*, 576 F. App'x 422, 430 (2014); *see also Martinez*, 566 U.S. at 14.

In other words, the court concluded that Crutsinger must prove his claim of ineffective assistance of counsel to be able to establish that "investigative, expert, or other services are reasonably necessary" to then be able to prove his claim of ineffective assistance of counsel. Such a circular application is illogical. It heightens the standard required under 18 U.S.C. § 3599(f) and essentially makes it impossible for a defendant to ever obtain funding on such a claim. A defendant who has already proven his claim of ineffective assistance of counsel would have no need for additional investigative, expert, or other services.

*Martinez* provides an exception for claims such as Crutsinger's. *Martinez* was an equitable ruling. To say that 18 U.S.C. § 3599(f) only allows those defendants who can already prove their underlying ineffective assistance of counsel claims to obtain funding is not equitable. Likewise, repeatedly denying relief on the basis of the procedural bar but then later addressing on the merits the defendant's attempt to preserve his claim is not equitable. While it is correct that *Martinez* does not mandate pre-petition funding, it is also correct that *Martinez* neither prohibits pre-petition funding nor amends the standard for obtaining it.

Additionally, the Supreme Court has explicitly stated that denying funding in this very situation may be error. In *Ayestas v. Davis*, the Court said:

> The difference between "reasonably necessary" and "substantially need[ed]" may be small, but the Fifth Circuit exacerbated the problem by invoking precedent to the effect that a habeas petitioner seeking funding must present "a viable constitutional claim that is not procedurally barred." 817 F.3d, at 895 (internal quotation marks omitted). *See also, e.g., Riley v. Dretke*, 362 F.3d 302, 307 (C.A.5 2004) ("A petitioner cannot show a substantial need when his claim is procedurally barred from review"); *Allen, supra*, at 638–639 (describing " 'our rule that a prisoner cannot show a substantial need for funds when his claim is procedurally barred from review' " (quoting *Crutsinger v. Stephens*, 576 Fed.Appx. 422, 431 (C.A.5 2014) (per curiam))); *Ward, supra*, at 266 ("The denial of funding will be upheld ... when the constitutional claim is procedurally barred").
>
> The Fifth Circuit adopted this rule before our decision in *Trevino*, but after *Trevino*, the rule is too restrictive. *Trevino* permits a Texas prisoner to overcome the failure to raise a substantial ineffective-assistance claim in state court by showing that state habeas counsel was ineffective, 569 U.S., at 429, 133 S.Ct. 1911 and it is possible that investigation might enable a petitioner to carry that burden. In those cases in which funding stands a credible chance of enabling a habeas petitioner to overcome the obstacle of procedural default, it may be error for a district court to refuse funding.

No. 18-70027

*Ayestas*, 138 S.Ct. 1080, 1093-94 (2018).[1]

Following *Ayestas*, Crutsinger filed a Rule 60(b) motion asserting that there was a defect in the integrity of his initial federal habeas proceedings because the district court applied an incorrect standard. Crutsinger asked the district court to vacate its judgment and grant him leave to file a new §3599 motion. The district court then determined that Crutsinger's motion was a second-or-successive petition for habeas relief that it lacked jurisdiction to hear and transferred the motion to this court. *Crutsinger v. Davis*, No. 4:07-CV-00703, 2018 WL 3743881, at *1 (N.D. Tex. Aug. 7, 2018).

The majority now concludes Crutsinger's Rule 60(b)(6) motion was not a successive habeas petition and vacates the order of transfer. Simultaneously, the majority concludes that it lacks jurisdiction to treat the transfer order and Crutsinger's requests for relief as a certificate of appealability (COA), which it determines is required under *Black v*. Davis, 902 F.3d 541, 545 (5th Cir. 2018); *Hernandez v. Thaler,* 630 F.3d 420, 428 (5th Cir. 2011); and *Ochoa Canales v. Quarterman,* 507 F.3d 884, 888 (5th Cir. 2007). However, those cases are either distinguishable or do not support any such conclusion.

In *Black*, the district court denied habeas relief and a COA. A single judge of this court granted a COA on two issues that had not been presented to the district court. A panel of this court later vacated the COA and dismissed the appeal without prejudice because the absence of the district court's determination regarding a COA on the two new issues posed a jurisdictional

---

[1] In *Ayestas*, as quoted above, the Supreme Court also made clear that this issue is an overlap of *Ayestas*, *Trevino*, and, necessarily, *Martinez*. *Id*. at 1093-94. *Martinez* and *Trevino* were decided prior to the conclusion Crutsinger's habeas. This court has already conceded the application of *Martinez* and *Trevino*. *Crutsinger*, 576 F. App'x at 430-31. Moreover, the majority now concedes that *Ayestas* abrogated this court's prior decision in *Crutsinger* regarding his request for funding under § 3599.

bar to this court's consideration. Importantly, *Black* involved the denial of habeas relief, not a Rule 60(b)(6) motion. Also, the two issues on which Black was granted a COA had not been presented to the district court. Here, we are dealing with a Rule 60(b)(6) motion that was presented to the district court. Thus, *Black* has no applicability here.

The relevant portion of *Hernandez* cited by the majority states that a petitioner in Hernandez's situation must obtain a COA before he can appeal the denial of a Rule 60(b) motion. *Hernandez*, 630 F.3d at 428. *Hernandez* cites *Ochoa Canales*, quoting, "We . . . hold that *Dunn's* conclusion that a COA is not required to appeal the denial of a Rule 60(b) motion applies only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief." *Id.* at n. 37. *Hernandez* involved a time bar issue, which necessarily was an appeal from the merits of the habeas petition.

In *Dunn v. Cockrell*, 302 F.3d 491, 492-93 (5th Cir. 2002), this court said: "Dunn filed both a timely notice of appeal and a motion for certificate of appealability. As this case presents only Dunn's appeal from the denial of his 60(b) motion, and not an appeal from the merits of his habeas petition, no certificate of appealability is required at this time." *Id.* at 492.

This court in *Ochoa Canales* adopted a narrow interpretation of *Dunn*, as set out above. This case falls within that narrow interpretation, as the purpose of Crutsinger's motion is to reassert appellate jurisdiction over the original denial of habeas relief to allow the proper consideration of his motion for funding. Thus, a COA is not required. *See also Gonzalez v. Crosby*, 545 U.S. 524, 535, n. 7 (2005).

I note that the majority opinion is unclear and seems contradictory. The majority concludes that a COA is required and that it has no jurisdiction, but then exercises jurisdiction to determine that Crutsinger's Rule 60(b)(6) motion was not a successive habeas petition. The effect of that determination is a

conclusion that the district court abused its discretion, as I state herein. However, the majority never mentions abuse of discretion. Because the majority concludes that it lacks jurisdiction to consider Crutsinger's appeal without a COA, it seems the appropriate remedy would be to remand for the district court to grant or deny a COA. Instead, the majority remands for the district court to consider the Rule 60(b)(6) motion in the first instance. But, the district court already considered the Rule 60(b)(6) motion in the first instance and determined that it is "in actuality a second-or-successive petition for habeas relief," hence, the transfer.

Regardless, I agree with the majority that the Supreme Court's decision in *Gonzalez* compels the conclusion that Crutsinger's Rule 60(b)(6) motion is proper and not a successive petition. However, I disagree with the majority's determination that *Gonzalez* appears to establish that a change in the law cannot constitute an extraordinary circumstance.

In *Gonzalez*, the petitioner's only ground for reopening the judgment denying his first habeas petition was that the decision in *Artuz v. Bennett*, 531 U.S. 4 (2000), changed the interpretation of the Antiterrorism and Effective Death Penalty Act statute of limitations and the district court's statute-of-limitations ruling was incorrect. *Id.* at 536. The court stated: "The District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Gonzalez*, 545 U.S. at 536. The court explained that "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." *Id.* Clearly, this indicates the possibility that some changes provide cause for reopening cases. Further, the court said:

The change in the law worked by *Artuz* is all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review of the statute-of-limitations issue. At the time *Artuz* was decided, petitioner had abandoned any attempt to seek review of the District Court's decision on this statute-of-limitations issue. . . .   This lack of diligence confirms that *Artuz* is not an extraordinary circumstance justifying relief from the judgment in petitioner's case.

*Id*. at 537.   Here, Crutsinger had not abandoned anything and had been diligently trying to get someone to review the denial of funding.

Additionally, the *Gonzalez* court cited *Ackermann v. United States,* 340 U.S. 193 (1950), and *Klapprott v. United States*, 335 U.S. 601 (1949).   In *Klapprott*, the Court determined that the facts revealed far more than mere allegations of excusable neglect in a denaturalization case.   *Id*. at 613-14. Specifically, the Court said:

The basis of his petition was not that he had neglected to act in his own defense, but that in jail as he was, weakened from illness, without a lawyer in the denaturalization proceedings or funds to hire one, disturbed and fully occupied in efforts to protect himself against the gravest criminal charges, he was no more able to defend himself in the New Jersey court than he would have been had he never received notice of the charges. Under such circumstances petitioner's prayer for setting aside the default judgment should not be considered only under the excusable neglect, but also under the 'other reason' clause of 60(b), to which the one year limitation provision does not apply.

*Id*. at 614.

Likewise, the Court engaged in a factual analysis in *Ackermann*, also a denaturalization case, to determine whether Ackermann had set forth extraordinary circumstances under Rule 60(b)(6).   *Ackerman*, 340 U.S. at 197-202.   The Court ultimately concluded:

From a comparison of the situations shown by the allegations of Klapprott and Ackermann, it is readily apparent

that the situations of the parties bore only the slightest resemblance to each other. The comparison strikingly points up the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence. Subsection 6 of Rule 60(b) has no application to the situation of petitioner. Neither the circumstances of petitioner nor his excuse for not appealing is so extraordinary as to bring him within *Klapprott* or Rule 60(b)(6).

*Id.* at 202.

More recently, the Supreme Court addressed a similar issue in the context of the denial of a COA in *Buck v. Davis*, 137 S.Ct. 759 (2017). Duane Buck sought to reopen a 2006 judgment under Rule 60(b)(6), arguing that *Martinez* and *Trevino* "had changed the law in a way that provided an excuse for his procedural default, permitting him to litigate his claim on the merits. In addition to this change in the law, Buck's motion identified ten other factors that, he said, constituted the 'extraordinary circumstances . . . .'" *Id.* at 767. The district court and this court both concluded that Buck had failed to demonstrate extraordinary circumstances and denied a COA. The Supreme Court concluded that the district court abused its discretion in denying Buck's Rule 60(b)(6) motion. *Id.* at 778. The court also concluded that this court erred in denying Buck a COA, and that he was entitled to Rule 60(b)(6) relief. In its analysis, the court said, "[i]n determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* at 778 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

Crutsinger has not abandoned this issue and has been extremely diligent. *Gonzalez* merely held that *Artuz* combined with a complete lack of

diligence did not establish an extraordinary circumstance in that case, while acknowledging that there are situations where a subsequent change in the law may provide cause for reopening habeas cases long since final. *Gonzalez*, 545 U.S. at 536. The risk of injustice to Crutsinger in not reopening the judgment and properly deciding his funding motion is great, while the risk of injustice to the government is nonexistent. There also exists a risk of undermining the public's confidence in the judicial process by allowing an erroneous decision, the denial of funding based on procedural bar, to dictate the outcome of every decision that follows rather than just requiring the proper consideration of the motion for funding.

A district court's ruling on a Rule 60(b) motion is reviewed for an abuse of discretion. *Dunn,* 302 F.3d at 492. This court also reviews for an abuse of discretion the denial of funding. *Woodward v. Epps*, 580 F.3d 318, 334 (5th Cir. 2009). "A natural consideration informing the exercise of that discretion is the likelihood that the contemplated services will help the applicant win relief." *Ayestas*, 138 S.Ct. at 1094. Section 3599 requires only a "reasonably necessary" standard. As the Supreme Court said in *Ayestas*:

> Proper application of the "reasonably necessary" standard thus requires courts to consider the potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way.

*Id*. Further, "[t]o be clear, a funding applicant must not be expected to prove that he will be able to win relief if given the services he seeks." *Id*.

The guidance from *Ayestas* and the equitable nature of *Martinez* indicate that heightening the standard for funding, thus penalizing Crutsinger for any failures of counsel outside his control, is improper. Instead, funding should be decided solely under the requirements of Section 3599, keeping in mind the

consideration of whether funding stands a credible chance of enabling Crutsinger to overcome the procedural bar. *See Ayestas*, 138 S.Ct. at 1094; *see also* 18 U.S.C. § 3599(f). If funding is reasonably necessary, then once the petitioner presents his habeas petition with the benefit of those funds, the court should make the separate determination of whether the claim in question is substantial. To do otherwise negates the very purposes of Section 3599, *Martinez* and *Ayestas*.

Because there has been a change in the law establishing that the denial of funding was potentially a defect in the integrity of the proceeding and Crutsinger has diligently pursued review of this issue, Crutsinger has shown that extraordinary circumstances exist to justify reopening the final judgment on his habeas petition. *See Gonzalez*, 545 U.S. at 535-36.

For these reasons, I would conclude that the district court abused its discretion in transferring Crutsinger's Rule 60(b)(6) motion and that it should be granted. Because I would vacate and remand for proper consideration of Crutsinger's funding motion, I respectfully dissent.