# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-70024

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2019

Lyle W. Cayce
Clerk

RAMIRO F. GONZALES,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-165

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Petitioner Ramiro Gonzales seeks a COA to challenge the district court's dismissal of his Rule 60(b)(6) motion as an unauthorized successive petition over which it lacked jurisdiction.  Because our precedent squarely establishes that Gonzales's motion is not a successive petition, we GRANT a COA on this issue and VACATE the portion of the district court's order dismissing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-70024

Gonzales's motion as successive. Gonzales further requests a COA on the district court's alternative ruling that, if his Rule 60(b) motion was not a successive petition, it should be denied. Because reasonable jurists could not debate the correctness of the district court's denial of relief under Rule 60(b)(6), we DENY a COA on this issue.

## I

We previously discussed the facts and procedural history in this case at length in our 2015 decision denying a COA. *See Gonzales v. Stephens*, 606 F. App'x 767, 768 (5th Cir. 2015). Relevant here, a jury found Gonzales guilty of capital murder and sentenced him to death. *Id.* at 768–70. The Texas Court of Criminal Appeals (CCA) affirmed Gonzales's conviction and death sentence on direct appeal and denied his state habeas application. *Id.* at 771.

In 2011, Gonzales filed a federal habeas petition under 28 U.S.C. § 2254 claiming, among other things, that his trial counsel were ineffective for failing to obtain experts to present mitigating evidence that Gonzales suffered from Fetal Alcohol Spectrum Disorder (FASD).[1] The district court denied Gonzales's request for expert funding under 18 U.S.C. § 3599(a) and denied his ineffective assistance of counsel (IATC) claim, finding that it was procedurally defaulted and, alternatively, that it "would fail on the merits." *Id.* at 770. We denied a COA, reasoning that "[t]here is no evidence suggesting that Gonzales's trial counsel conducted less than a reasonable investigation" and that, specifically, trial counsel was not ineffective for failing to obtain experts to present mitigation evidence of FASD. *Id.* at 771–72.

---

[1] The district court stayed proceedings in federal court to allow Gonzales to exhaust this and other newly presented claims in state court. The CCA dismissed Gonzales's state habeas application as an abuse of the writ and denied a pending motion for investigative funding in the same order. *See Ex Parte Gonzales*, WR-70,969-01, 2012 WL 340407, at *1 (Tex. Crim. App. Feb. 1, 2012). After the state court's judgment, the district court lifted the stay on Gonzales's federal habeas proceeding.

No. 18-70024

In 2018, the Supreme Court decided *Ayestas v. Davis*, in which it rejected this court's previous articulation of the standard for obtaining funding for "investigative, expert, or other reasonably necessary services" under § 3599(a). 138 S. Ct. 1080, 1092 (2018) (internal quotations omitted). In light of *Ayestas*, Gonzales filed a Rule 60(b)(6) motion in the district court, challenging its earlier denial of funding for an expert investigation to support his IATC claim. Gonzales argued that the denial of expert funding under this court's prior, incorrect standard resulted in a defect in the integrity of his federal proceedings and that the *Ayestas* decision constituted extraordinary circumstances justifying relief under Rule 60(b)(6). The district court denied the Rule 60(b) motion, determining that (1) the motion constituted an unauthorized successive habeas petition that it lacked jurisdiction to consider; and (2) alternatively, no extraordinary circumstances existed under Rule 60(b)(6) to justify relief from judgment. The district court denied a COA on both its dismissal for lack of jurisdiction and its alternative denial of the motion.

## II

"Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244. "We review a district court's determination as to whether a Rule 60(b) motion constitutes a second-or-successive habeas petition de novo." *In re Edwards*, 865 F.3d 197, 202–03 (5th Cir. 2017).

A Rule 60(b) motion is properly construed as a successive habeas petition where it "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). However, motions that "attack[], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of

3

the federal habeas proceedings," are not successive petitions. *Id.* Since issuance of the district court's order in this case, this court has held that a Rule 60(b)(6) motion seeking reconsideration based on *Ayestas*'s change to the standard for funding requests, so long as it does not also revisit the merits of other claims, goes to a defect in the proceedings rather than the merits and therefore "is not a successive habeas petition." *Crutsinger v. Davis*, 929 F.3d 259, 264, 266 (5th Cir. 2019). In light of *Crutsinger*, the district court erred in determining that Gonzales's Rule 60(b) motion was a successive petition. Accordingly, we GRANT a COA on this issue and,[2] reaching the merits of Gonzales's claim on this point,[3] VACATE the district court's judgment of dismissal.

Because the district court's determination that the motion was a successive petition was incorrect, it had jurisdiction to engage in what it called the "alternative analysis"—whether Gonzales was entitled to relief under Rule 60(b)(6). We now take up that question. *See Crutsinger*, 929 F.3d at 266 (considering district court's analysis under Rule 60(b)(6) because the district

---

[2] Although Gonzales asserts in his opening brief that a COA is not required for us to consider this issue, we held in *Resendiz v. Quarterman* that "'[a] district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required.'" 454 F.3d 456, 458 (5th Cir. 2006). Gonzales argues for the first time in his reply brief that *Resendiz* was tacitly overruled by the Supreme Court's decision in *Harbison v. Bell*, 556 U.S. 180 (2009). However, we do not consider arguments raised for the first time in a reply brief. *See In re Katrina Canal Breaches Litig.*, 620 F.3d 455, 460 (5th Cir. 2010). A COA is therefore required for Gonzales to proceed.

The State argues that Gonzales has forfeited his ability to seek a COA on this issue because he failed to explicitly request one. Nevertheless, we construe Gonzales's appeal of this issue as a petition for a COA. *Cf. Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("[W]e have oft stated that the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label." (cleaned up)).

[3] *See Kunkle v. Dretke*, 352 F.3d 980, 983 (5th Cir. 2003) (granting COA and reaching the merits in the same opinion).

No. 18-70024

court "ha[s] jurisdiction to consider the Rule 60(b)(6) motion" where petitioner's motion "is not a successive habeas petition").

### III

We ordinarily review a district court's denial of a Rule 60(b) motion for abuse of discretion. *See Buck v. Davis*, 137 S. Ct. 759, 777 (2017). However, a COA is required to proceed with a claim of error as to the district court's denial of relief under Rule 60(b). *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007). Accordingly, at the COA stage, we ask "whether a reasonable jurist could conclude that the District Court abused its discretion in declining to reopen the judgment." *Buck*, 137 S. Ct. at 777.

Rule 60(b) allows for "wide discretion in courts," but "relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Id.* (cleaned up). Such circumstances "may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* at 778 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)). However, courts consistently recognize that a change in law after final judgment on a habeas petition does not necessarily constitute extraordinary circumstances. *Compare Gonzalez*, 545 U.S. at 536; *Adams v. Thaler*, 679 F.3d 312–20 (5th Cir. 2012) (explaining that Supreme Court decisions changing governing law on procedural default did not constitute extraordinary circumstances), *with* 588 U.S. ___ (2019) (Sotomayor, J., concurring) ("*Gonzalez* left open the possibility that in an appropriate case, a change in decisional law, alone, may supply an extraordinary circumstance justifying Rule 60(b)(6) relief.").

Gonzales argues in his motion for COA that it was not merely the change in decisional law brought about in *Ayestas*, but also the ineffectiveness of both his trial counsel and state habeas counsel, that created extraordinary circumstances warranting relief from judgment. However, we already rejected

No. 18-70024

Gonzales's contention that his state habeas counsel was ineffective, denying a COA on that issue in our earlier ruling. *See Gonzales*, 606 F. App'x at 772–73. In that same ruling, we held that "Gonzales has failed to raise a substantial claim of ineffective assistance of trial counsel." *Id.* at 772. On these facts, then, no reasonable jurist could conclude that the district court abused its discretion in finding no extraordinary circumstances exist. *See Buck*, 137 S. Ct. at 777. Accordingly, we DENY a COA as to the district court's judgment denying Gonzales's Rule 60(b) motion.

**\*\*\***

For these reasons, a COA is GRANTED as to the district court's successiveness finding and the portion of the district court's judgment dismissing Gonzales's motion as successive is VACATED, but a COA is DENIED as to the district court's determination that Gonzales was not entitled to relief under Rule 60(b)(6). Because this disposition does not entitle Gonzales to relief, remand is unnecessary.