# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2021

Lyle W. Cayce
Clerk

No. 21-10090

RONALD GENE GRIZZLE, JR.,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1526

Before STEWART, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:*

Ronald Gene Grizzle, Jr., Texas prisoner # 01935380, moves for a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition and his three postjudgment motions. He has also filed a motion for leave to proceed in forma pauperis (IFP) on appeal.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10090

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the district court has denied a § 2254 petition on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Grizzle's notice of appeal was not filed within 30 days of the district court's denial of his § 2254 petition or the first two postjudgment motions, we lack jurisdiction to review those rulings. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Moreover, we lack jurisdiction to issue a COA as to the denial of his third postjudgment motion because the district court has not ruled on whether a COA should issue from the denial of that motion. *See Black v. Davis*, 902 F.3d 541, 545 (5th Cir. 2018).

Based upon the foregoing, the motion to proceed in forma pauperis is held in abeyance, the appeal is DISMISSED as to the underlying judgment and the first two postjudgment motions, and the case is REMANDED for the limited purpose of permitting the district court to decide in the first instance whether a COA should be issued in connection with its order denying Grizzle's third postjudgment motion. *See Crutsinger v. Davis*, 929 F.3d 259, 266 (5th Cir. 2019). The motion to proceed IFP on appeal is HELD IN ABEYANCE.