# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2020

Lyle W. Cayce
Clerk

No. 19-10625
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN JIMINEZ-GARCIA, also known as Adrian Jimenez-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Adrian Jiminez-Garcia, federal prisoner # 39740-177, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b)(4) motion for relief from the 2010 judgment convicting him of, and sentencing him for, bank robbery. The district court denied Jiminez-Garcia's motion on the ground that, *inter alia*, the Federal Rules of Civil Procedure do not apply in criminal proceedings. On appeal, Jiminez-Garcia contends that his judgment is void because it reflected a sentence that incorporated guideline enhancements with which he was not charged in his indictment.

We have a continuing duty to consider, sua sponte, if necessary, the basis of the district court's and our jurisdiction. *See Solsona v. Warden, F.C.I.*, 821

No. 19-10625

F.2d 1129, 1132 n.2 (5th Cir. 1987); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).   Although Jiminez-Garcia filed his Rule 60(b) motion after the denial of a prior 28 U.S.C. § 2255 motion, the district court treated it as arising solely in his criminal proceeding and did not consider whether Jiminez-Garcia was attempting to file what amounted to an unauthorized successive § 2255 motion.   *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005); *United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013).   The district court did not conduct this threshold determination, and therefore the district court did not ensure its jurisdiction over Jiminez-Garcia's motion.   *See Hernandes*, 708 F.3d at 681–82; 28 U.S.C. § 2253(c).   When a district court "fails to explicitly decide [an] issue" that weighs on the district court's jurisdiction, the "better solution is to remand the case to the district court for determination of the jurisdictional questions" rather than dismissing the matter altogether.   *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1260 n.8 (5th Cir. 1988); *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 312–15 & n.5 (5th Cir. 2015) (vacating judgment and remanding for "district court to determine its own jurisdiction in the first instance").

Subject to a narrow exception that is inapplicable in this case, a certificate of appealability (COA) is required to appeal the denial of a Rule 60(b) motion filed after the denial of a § 2255 motion.   *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007); § 2253(c).   The district court must make the first judgment as to whether a COA should issue.   Rule 11(a), RULES GOVERNING § 2255 PROCEEDINGS; *see also Black v. Davis*, 902 F.3d 541, 543–45 (5th Cir. 2018) (§ 2254 case), *cert. denied*, 2020 U.S. LEXIS 372 (Jan. 13, 2020).   Because the district court has not ruled on whether Jiminez-Garcia should be granted a COA to challenge the denial of his Rule 60(b) motion, this court lacks appellate jurisdiction to consider the district court's

No. 19-10625

denial of Jiminez-Garcia's Rule 60(b) motion.  *See Black*, 902 F.3d at 543–53. Although "we are without jurisdiction unless the district court either granted or denied a COA" and although "we are foreclosed from treating . . . [Jiminez-Garcia's] request for relief in our court as a COA," we can still remand to the district court to conduct the threshold determination of whether Jiminez-Garcia's Rule 60(b) motion amounts to an unauthorized successive § 2255 motion.  *Crutsinger v. Davis*, 929 F.3d 259, 266 (5th Cir. 2019).

Accordingly, the district court's judgment denying Jiminez-Garcia's Rule 60(b) motion is VACATED.  This case is REMANDED for the district court to determine in the first instance whether it has jurisdiction to consider Jiminez-Garcia's Rule 60(b) motion and whether it should issue a COA.  *See Black*, 929 F.3d at 543–45; *Getty Oil Corp.*, 841 F.2d at 1260 n.8.