# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60194

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CRYSTAL ANN POOLE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-66-1

---

Before DENNIS, HAYNES, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Crystal Ann Poole challenges the district court's jurisdiction to resentence her, more than five years after she completed her term of supervised release, to another term of imprisonment and additional supervised release for willfully failing to make court-ordered restitution payments. Because Poole raises new arguments concerning subject-matter

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60194

jurisdiction, we VACATE and REMAND for the district court's consideration in the first instance.

I

In 2012, Poole pleaded guilty to one count of tax evasion, one count of bank fraud, and one count of social security fraud. The district court sentenced her to three concurrent sentences of twenty-seven months in prison, followed by three years of supervised release, and it ordered her to pay $476,444.08 in restitution. The criminal judgment required Poole to begin making monthly restitution payments 60 days after completing her term of supervised release.

Poole was released from prison in 2014; she completed her term of supervised release in 2018.[1] She failed to make monthly restitution payments as required by her criminal judgment, however. In 2021, the Government informed Poole that she was in default on her criminal debt. After a judgment-debtor exam was conducted, the Government proposed a new payment schedule of $300 per month, and Poole agreed. The parties executed a payment agreement in January 2022.

Poole did not make payments in accordance with the new payment agreement. On June 13, 2023, the Government moved to resentence Poole under 18 U.S.C. § 3614. Poole appeared pro se at the initial hearing on the Government's motion, and the district court appointed counsel to represent her for the remainder of the resentencing proceedings.

After two hearings and additional briefing, the district court granted the Government's motion. It found that, under 18 U.S.C. § 3614, Poole had

---

[1] Poole was convicted and sentenced in the Northern District of California. Because she moved to Mississippi during her term of supervised release following her release from confinement, her case was transferred to the Southern District of Mississippi.

willfully failed to make restitution payments, and it sentenced her to six months in prison, followed by three years of supervised release.

Poole appeals the amended judgment, challenging the district court's jurisdiction to resentence her after the completion of her sentence and term of supervised release.

## II

A district court's legal determination regarding subject matter jurisdiction is reviewed *de novo. United States v. Kaluza*, 780 F.3d 647, 653 (5th Cir. 2015); *see also United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) ("We review de novo whether the district court had jurisdiction to resentence."). Poole concedes that she failed to raise her jurisdictional challenge before the district court. But "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

## III

"The Mandatory Victims Restitution Act [MVRA] is one of several federal statutes that govern federal court orders requiring defendants convicted of certain crimes to pay their victims restitution." *Lagos v. United States*, 584 U.S. 577, 580 (2018). It empowers courts to employ civil and criminal enforcement mechanisms to obtain compliance with orders of restitution. *See* 18 U.S.C. §§ 3613–3615.

Poole challenges the district court's jurisdiction to resentence her under 18 U.S.C. § 3613A, an MVRA provision under which courts may resentence defendants for failing to make restitution payments.[2] She argues

---

[2] As noted, the Government moved to resentence Poole under 18 U.S.C. § 3614, another MVRA provision under which courts may resentence defendants for failing to make restitution payments. Under section 3614, a defendant that knowingly fails to pay a

No. 24-60194

that the language "pursuant to section 3565" in § 3613A(a)(1) limits its application to defendants in federal custody, and therefore, a court may only employ section 3613A(a)(1)'s enforcement mechanisms *before* the end of a defendant's term of probation or supervised release. After, she argues, the government may only pursue civil enforcement methods to obtain compliance with a restitution order.[3]

Section 3613A(a)(1) reads:

> Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, *pursuant to section 3565*, revoke probation or a term of supervised release, modify the terms or conditions of probation or a term of supervised release, *resentence a defendant pursuant to section 3614*, hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution.

18 U.S.C. § 3613A(a)(1) (emphasis added).

---

delinquent restitution may be resentenced "to any sentence which might originally have been imposed," including a term of imprisonment, if the court finds that "the defendant willfully refused to pay the delinquent fine" or that "alternatives to imprisonment are not adequate to serve the purposes of punishment and deterrence." 18 U.S.C. § 3614(a)–(b). In its ruling, the district court relied exclusively on § 3614, finding that Poole acted knowingly when she entered into the payment agreement, and that she had willfully failed to comply with it. *See id*. On appeal, however, the Government contends that the district court invoked § 3613A when it resentenced Poole.

[3] The Government contends that because the restitution order was part of Poole's sentence, the district court exercises continuing jurisdiction to resentence her until the judgment is satisfied.

Section 3565, which concerns the revocation of probation, provides:

(a) If the defendant violates a condition of probation at any time *prior* to the expiration or termination of the term of probation, the court may . . . (1) continue [her] on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence [her] under [18 U.S.C. §§ 3551–3559].

. . . .

(c) The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation . . . if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

*Id.* § 3565 (emphasis added).[4]

Nevertheless, because Poole first raised her jurisdictional challenge on appeal, the district court did not address it. As noted, subject matter jurisdiction cannot be forfeited or waived. *Cotton*, 535 U.S. at 360. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). We therefore vacate the district court's judgment and remand for clarification of the basis of its judgment, and for its consideration of Poole's jurisdictional arguments. *See id.* at 121 ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases."); *see also United States v. Posligua*, No. 22-40393, 2023 WL 4044438, at *2 (5th Cir. June 15, 2023) (ordering a limited remand to permit the district court to determine, in the first instance, whether it has

---

[4] Section 3565(b) concerns circumstances under which the revocation of probation is mandatory, and is not relevant to this appeal. *See id.* § 3565(b).

No. 24-60194

jurisdiction); *United States v. Jiminez-Garcia*, 951 F.3d 704, 705 (5th Cir. 2020) ("When a district court 'fails to explicitly decide [an] issue' that weighs on the district court's jurisdiction, the 'better solution is to remand the case to the district court for determination of the jurisdictional questions' rather than dismissing the matter altogether." (internal citations omitted)).

\* \* \*

Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.